IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-35-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ELMER KERMIT BROWN, ) | |
| ) | |
| Defendant. ) | |

On December 12, 2011, pursuant to a written plea agreement, Elmer Kermit Brown ("Brown") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine. See [D.E. 22, 24, 51]. On June 15, 2012, the court held Brown's sentencing hearing. See [D.E. 37, 39, 52]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); [D.E. 52]. The court calculated Brown's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. at 5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brown to 192 months' imprisonment. See id. at 27–32; [D.E. 37, 39]. Brown appealed. On February 7, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Brown, 509 F. App'x 197, 197–98 (4th Cir. 2013) (per curiam) (unpublished).

On January 29, 2016, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 62]. Brown's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history

category of III. See Resentencing Report. Brown requests a 154-month sentence. See id.; [D.E. 62].

The court has discretion under Amendment 782 to reduce Brown's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior involving a large quantity of illegal narcotics and a firearm. See PSR ¶¶ 5–8; Sentencing Tr. at 23–33. Moreover, Brown is a violent recidivist and has convictions for possession of stolen property, possession with intent to sell and deliver cocaine, simple assault, and assault on a female. See PSR ¶¶ 10–15. Brown also has performed poorly on supervision. See id. ¶¶ 18. Nonetheless, Brown has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Brown received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Brown's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Brown's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79;

2

Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Brown's motion for reduction of sentence [D.E. 62].

SO ORDERED. This 30 day of July 2018.

                                      JAMES C. DEVER III
                                      Chief United States District Judge